Day, J.
The sole question for determination in this case is whether the petition filed herein states a cause of action.
A solution of the problem requires a determination of two questions: First, what duty was owing *104 by the defendant to the plaintiff; and, second, is there a violation of that dnty disclosed by the allegations of the petition?
The defendant claims that the decedent was at most a mere licensee, and that the duty which defendant owed the decedent, if he was a bare licensee, was “to refrain from wantonly or wilfully injuring him and to exercise ordinary care after discovering him to be in peril.” (Hannan, Admr., v. Ehrlich, 102 Ohio St., 176.) The plaintiff contends on the other hand for a somewhat stronger rule, in view of the facts that the decedent was an employe of an independent contractor “employed' by said defendant in repairing its tracks” and that the bunk car in which the decedent lived, with the knowledge and consent of defendant, was located on a switch on defendant’s right of way “about 500 feet northeasterly of said highway,” the only way from such highway to and from such bunk car being “over and along said tracks of defendant.” Plaintiff further contends that during all the time of his employment the gang of workmen, “with the knowledge and acquiescence of the defendant, used said tracks between the cars where they so lived and said Columbia Station as a foot passage, almost continuously, especially in the evening hours while they were off duty, in which use said Fred "W. Ford participated, the said tracks being the only direct way to said station from said cars so placed on said sidetrack, which said common use thereof by said public and said gang of employes, including said Fred W. Ford, continued up till and including all the night season of August 25, 1920, until the accident hereinafter stated, to him.”
*105 Plaintiff claims that the decedent was properly upon the company’s right of way; that his presence at that point might have reasonably been anticipated, and that he was more than a mere licensee; that he was at least an invited licensee and that the duty of reasonable care was due him from the company.
In support of this theory the plaintiff relies upon the principle of the following authorities:
“Where a railroad company has for a long time permitted the public, including children, to travel and pass habitually over its road at a given point, without objection or hindrance, it should, in the operation of its trains and management of its road, so long as it acquiesces in such use, be held to anticipate the continuance thereof, and is bound to exercise care, having due regard to such probable use, and proportioned to the probable danger to persons so using its road.” Harriman v. P., C. & St. L. Ry. Co., 45 Ohio St., 11.
“Where a person is on the right of way by the express or implied consent or invitation of the railroad company, as where the public has habitually passed across or along the right of way at a certain place for a long time with the company’s knowledge or consent, a railroad company has reason to anticipate his presence on the track at such point and is bound to use reasonable care to avoid injuring him * * 33 Cyc., 767, 768, 769.
To summarize, therefore, this petition discloses that the decedent was on the company’s right of way at a place where the decedent, in common with the public, had been accustomed to walk, with the knowledge and consent of the defendant, for a consider *106 able period of time; that he was an employe of an independent contractor, whose bunk car had been placed upon the defendant’s switch, upon its right of way, it being a fair inference that the bunk car had been placed upon the switch by defendant; that his only way of reaching the public highway to and from the bunk cars was along such right of way, as the defendant well knew; that such use of defendant’s tracks by decedent had lasted for over two months; that on the night in question, while so upon the company’s right of way, he was struck by a locomotive, being operated without a headlight, in violation of a statute of the state of Ohio, without giving any warning of its approach to a point where the decedent and the public had been accustomed to walk with the knowledge of the defendant, and where the presence of persons on the tracks might have been reasonably anticipated; and that said train was run at an excessive rate of speed under the attendant circumstances. The petition further avers that no lookout ahead by the servants in charge of said train for persons on said track at said point was maintained.
Under -the doctrine of the Earriman case, supra, the defendant would be “bound to exercise care, having dué regard to such probable use, and proportioned to the probable danger to persons so using its road.”
The above recited facts, taken in conjunction with the averment of decedent’s freedom from negligence and averment that such facts or some of them were the proximate cause of the injury, constitute in our opinion a cause of action, and, therefore, it must *107 follow that there is sufficient in the petition to warrant the trial court in overruling the demurrer.
What nature of defense may be made upon the facts by way of answer, or before a jury, is not now before us for consideration. All we have to consider is the one question whether or not the petition discloses a cause of action, and assuming, as we must, the truth of facts relevant and well pleaded, we think in the light of the Harrimam case, supra, and eases therein cited, that the petition does state s cause of action and that the court of appeals erred in affirming the common pleas court in sustaining the demurrer to the petition. The judgment is, therefore, reversed.

Judgment reversed.

Marshall, C. J., Wanamaicer, Robinson, Jones, Matthias and Allen, JJ., concur.